## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Anna Kathryn Fuller, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:16-cv-1476-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wyndham Vacation Resorts, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's South Carolina Payment of Wages Act ("SCPWA") claim (ECF No. 4). For the reasons set forth herein, Defendant's motion is granted in part and denied in part.

## BACKGROUND & PROCEDURAL HISTORY

On March 31, 2016, Plaintiff filed this action in state court seeking unpaid minimum wages and overtime wages pursuant to the SCPWA and the Fair Labor Standards Act ("FLSA"). Plaintiff, a former sales representative of Defendant, alleges that Defendant required her to work off-the-clock in an effort to circumvent the FLSA's overtime requirements. Defendant removed the action to this Court on May 6, 2016, and filed the instant motion to dismiss on May 13. Plaintiff responded on May 31, and Defendant replied on June 10. Accordingly, these matters are now ripe for consideration.

## LEGAL STANDARD

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated a "two-pronged approach" to test the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the complaint must "contain factual allegations in addition to legal conclusions." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012). Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*,

2

556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendant first asserts that Plaintiff's SCPWA claims are preempted by the FLSA because she is only seeking unpaid minimum and overtime wages. The Court disagrees. The FLSA provides exclusive remedies for the enforcement of its own provisions. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007). "This includes claims under the SCPWA that seek to recover minimum wages and overtime." *Degidio v. Crazy Horse Saloon & Rest., Inc.*, No. 4:13-cv-2136-BHH, 2015 WL 5834280, at *4 (D.S.C. Sept. 30, 2015). Therefore, in order for Plaintiff's SCPWA claim to survive Defendant's motion to dismiss, she must have alleged that Defendant did more than violate the FLSA.

In her complaint, Plaintiff alleges that "[a]s a sales associate, [s]he was to be paid base salary of minimum wage annually, with overtime pay as required by law and commission based upon sales performance." (Compl., ECF No. 1-1, at ¶7.) Plaintiff further alleges that she "was not paid all wages due and payable," (*Id.* at ¶17), and that "Defendant has thus deprived Plaintiff of rights granted to her under the [SCPWA], including her right to receive all wages due to her within the statutorily mandated time," (*Id.*) Giving Plaintiff the benefit of all reasonable

inferences, the Court concludes that she has alleged a cause of action under the SCPWA for failure to pay commissions, which the Court interprets as a due and payable wage not paid within the SCPWA's mandatory time frame. However, because her causes of action for minimum wages and overtime wages arise solely out of the FLSA, any SCPWA claim for those wages would simply duplicate her FLSA claims. Accordingly, those claims are preempted and must be dismissed. *See McMurray v. LRJ Rests., Inc.*, No. 4:10-cv-1435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011); *Nimmons v. RBC Ins. Holdings (USA) Inc.*, No. 6:07-cv-2637-GRA, 2007 WL 4571179, at *2 (D.S.C. Dec. 27, 2007). Having decided that Plaintiff's SCPWA claim is not preempted to the extent she seeks relief based on her commission wages, the Court now turns to Defendant's alternative argument that Plaintiff has failed to allege that a contract existed for payment of wages.

Defendant contends that an employer is not obligated to pay wages, as defined in the SCPWA, unless there is an employer policy or employment contract requiring that those wages be paid. *See Anselmo v. West Paces Hotel Grp., LLC*, No. 9:09-cv-2466-MBS, 2011 WL 1049195, at *10 (D.S.C. Mar. 18, 2011) (stating that "the [SCPWA] creates a right to be paid wages due based upon an employment contract."). Thus, according to Defendant, there can be no SCPWA violation because Plaintiff has not alleged or produced an employment contract. The Court disagrees. Plaintiff alleges that "[a]s a sales associate, [she] was to be paid base salary of minimum wage annually, with overtime as required by law and commission based upon sales performance." (Compl., ECF No. 1-1, ¶7.) Here, the allegation that Plaintiff was to be paid commission in exchange for making sales gives rise to a very reasonable inference that there was some employment agreement between Plaintiff and Defendant. Unlike the rights to minimum wage and overtime, which exist pursuant to the FLSA, there is no statutory right to commission.

4

Thus, Plaintiff's allegation that she was to be paid commission creates a reasonable inference that the parties had an employment contract, whether formal or informal, that gave Plaintiff the right to be paid commission wages based on her sales performance as an employee. Because the Court finds that Plaintiff's allegations give rise to a reasonable inference of some kind of employment contract, Defendant's argument fails.[1]

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

AND IT IS SO ORDERED.

*(signature)*
PATRICK MICHAEL DUFFY
United States District Judge

**July 12, 2016**
**Charleston, South Carolina**

---

1. For purposes of addressing Defendant's second argument, the Court has assumed without deciding that an employment contract is necessary to bring an SCPWA cause of action. Because Plaintiff has alleged such an employment contract, the Court does not decide the question of whether an employment contract is necessary to bring an SCPWA cause of action.